USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/12/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GAIL ROBERSON,

          Plaintiff,

-against-

THE GREATER HUDSON VALLEY FAMILY HEALTH CENTER, INC., MARGARET CALERO, AND JODY BUCKLE,

          Defendants.

No. 17-cv-7325 (NSR)
OPINION & ORDER

---

NELSON S. ROMÁN, United States District Judge

Plaintiff Gail Roberson commenced this action against Defendants the Greater Hudson Valley Family Health Center, Inc., Margaret Calero, and Jody Buckle, alleging claims of negligence, negligent infliction of physical and emotional distress, and malicious prosecution under the Federal Torts Claims Act. (ECF No. 1.) Presently before the Court is Defendants' Motion to Dismiss Plaintiff's Summons with Notice pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. (ECF No. 12.) For the following reasons, Defendants' Motion to Dismiss is GRANTED without prejudice.

## BACKGROUND

Plaintiff Gail Roberson commenced this action on April 28, 2017, by filing a Summons with Notice in the New York Supreme Court, Orange County, against Defendants the Greater Hudson Valley Family Health Center, Inc. ("GHVFHC"), Margaret Calero, and Jody Buckle. (*See* Notice of Removal, Exh. A, State Court Summons with Notice ("Summons with Notice"), ECF No. 1.) While a patient at the Orange County, New York, campus of GHVFHC, Defendant Buckle, a GHVFHC employee, allegedly looked at Plaintiff's private medical records in an inappropriate manner. (Pl. Mem. of Law in Opp. to Def. Mot. to Dismiss ("Pl. Mot.") 3–4.)

1

Defendant Buckle then discussed Plaintiff's records with "individuals who knew the Parties." (*Id.* at 3.) Plaintiff indicated in the Summons with Notice that the "nature of the claims" included negligence, negligent infliction of physical and emotional distress, and malicious prosecution in connection with her medical treatment at GHVFHC. (Summons with Notice 1–2; Pl. Mot. 3–4.)

John H. Kim, the then-Acting United States Attorney for the Southern District of New York, certified that Defendants GHVFHC, Calero, and Buckle were employees of the United States, and were acting within the scope of their employment for purposes of all tort-based claims against them, with respect to the medical care provided to Plaintiff and the handling of Plaintiff's medical records at the GHVFHC pursuant to 42 U.S.C § 233(g). (Decl. of Rebecca S. Tinio ("Tinio Decl."), Exh. D, Certification 1–2, ECF No. 14.) Following the certification, Defendants promptly removed the case to federal court pursuant to the Federal Torts Claims Act ("FTCA") and the Public Health Service Act ("PHSA"). (*See* Notice of Removal ¶¶ 2–4.)

Defendants move to dismiss the Summons and Notice because, *inter alia*, Plaintiff failed to exhaust the administrative remedies prior to commencing this action.

**STANDARD ON A MOTION TO DISMISS**

Under Rule 12(b)(1), "[a] case is properly dismissed for lack of subject matter jurisdiction . . . when the district court lacks the statutory or constitutional power to adjudicate it." *Nike, Inc. v. Already, LLC*, 663 F.3d 89, 94 (2d Cir. 2011) (citation and internal quotations omitted). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). In assessing whether there is subject matter jurisdiction, the Court must accept as true all material facts alleged in the complaint, *Conyers v. Rossides*, 558 F.3d 137, 143 (2d Cir. 2009), but "the court may resolve [any] disputed jurisdictional fact issues by referring to evidence

2

outside of the pleadings, such as affidavits . . ." *Zappia Middle E. Const. Co. v. Emirate of Abu Dhabi*, 215 F.3d 247, 253 (2d Cir. 2000).

**DISCUSSION**

Defendants[1] primarily argue that Plaintiff has not exhausted their administrative remedies as mandated by the FTCA. (Mem. of Law in Supp. of Def. Mot. to Dismiss ("Def. Mot.") 7–9, ECF No. 13.) For the following reasons, the Court agrees.

## I.     Exhaustion under the FTCA

"It is beyond cavil that the principle of sovereign immunity shields the United States from being sued without its consent and that the existence of consent is, consequently, a prerequisite for jurisdiction." *Quinoy v. Pena*, No. 13–cv–1945 (NSR), 2014 WL 1998239, at *4 (S.D.N.Y. May 14, 2014) (citing *United States v. Mitchell*, 463 U.S. 206, 212 (1983); *FDIC v. Meyer*, 510 U.S. 471, 475 (1994); *Adeleke v. United States*, 355 F.3d 144, 150 (2d Cir. 2004)). The FTCA constitutes a limited waiver of the federal government's sovereign immunity for suits arising from injury "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1); *Soriano v. United States*, No. 12 CV 4752(VB), 2013 WL 3316132, at *3 n.2 (S.D.N.Y. July 1, 2013). A suit against the United States is the exclusive remedy for a suit for damages for such injury or loss of property. 28 U.S.C. § 2679(b)(1). This waiver of sovereign immunity must be

---

[1] The Court grants Defendants' request to substitute the United States as the party Defendant in place of all current named Defendants because claims against federal employees are construed as claims against the federal government for purposes of the FTCA. As previously noted, the then-acting United States Attorney for the Southern District of New York certified that the named Defendants were employees of the federal government and were acting within the scope of their employment at the relevant times subject to the Summons and Notice. The United States is, therefore, the proper Defendant in this case. *Baptiste v. Warden at Ottisville, FCI New York*, No. 09 Civ. 5523(AKH), 2010 WL 3185748, at *10 (S.D.N.Y. Aug. 11, 2010); *see Carelock v. United States*, No. 14–CV–3594 (RA), 2015 WL 5000816, at *4 (S.D.N.Y. Aug. 20, 2015).

"'strictly construed in favor of the government.'" *Liranzo v. United States*, 690 F.3d 78, 84 (2d Cir. 2012) (quoting *Long Island Radio Co. v. NLRB*, 841 F.2d 474, 477 (2d Cir. 1988)).

Pursuant to the FTCA, tort claims against the United States must be "presented in writing to the appropriate Federal agency within two years after such claim accrues" or an action must be commenced within six months of when the agency issued its final denial of administrative remedy. 28 U.S.C. § 2401(b); *see also* 28 U.S.C. § 2675(a). "Failure to exhaust the agency's administrative remedies within the statute of limitations will render the claim 'forever barred.'" *Castellanos v. Elrac Inc.*, 07-CV-2191 (DLE) (KAM), 2008 WL 919641, at *2 (E.D.N.Y. Apr. 3, 2008) (citing 28 U.S.C. § 2401(b)). The exhaustion requirement is jurisdictional and cannot be waived. *See id.* (citing *Celestine v. Mount Vernon Neighborhood Health Cir.*, 403 F.3d 76 (2d Cir. 2005)); *see Lee v. United States*, 570 F. App'x 26, 27 (2d Cir. 2014) (summ. order).

Exhaustion of administrative procedures in the FTCA context does not necessitate a Plaintiff to meet formal pleading requirements. *Rios v. United States*, 16 Civ. 9304 (LLS), 2017 WL 3641711, at *2 (S.D.N.Y. Aug. 3, 2017) (quoting *Johnson v. United States*, 788 F.2d 845, 848 (2d Cir. 1986), *overruled on other grounds by Sheridan v. United States*, 487 U.S. 392 (1988)). Indeed, Plaintiff's attempt to satisfy § 2675's so-called presentment requirement must "'provide enough information to permit the agency to conduct an investigation and to estimate the claim's worth'" *Palmer-Williams v. United States*, 675 F. App'x. 70, 71 (2d Cir. 2017) (summ. order) (quoting *Romulus v. United States*, 160 F.3d 131, 132 (2d Cir. 1998) (per curiam)); *see Lee*, 570 F. App'x at 27. "'All that is necessary is that a claim be specific enough to serve the purposes intended by Congress in enacting § 2675(a)—to ease court congestion and avoid unnecessary litigation, while making it possible for the Government to expedite the fair

settlement of tort claims asserted against the United States.'" *Soriano*, 2013 WL 3316132, at *3 (quoting *Sheridan*, 487 U.S. at 848–49).

In this case, Plaintiff does not present a written administrative tort claim it sent to the appropriate federal agency. Plaintiff instead offers a letter the Office for Civil Rights ("OCR") sent Plaintiff in response to a claim it received. (Pl. Mot., Exh. 1, OCR Response 1.) The letter indicates that OCR received a Complaint from Plaintiff on January 28, 2014, accusing GHVFHC of not being in compliance with the "Federal Standards for Privacy of Individually Identifiable Health Information and/or the Security Standards for the Protection of Electronic Protected Health Information." (*Id.*) The letter goes on to describe the Complaint's allegation, which accuses an employee of GHVFHC of impermissibly accessing Plaintiff's electronic medical records on several occasions, and disclosing the protected health information to the employee's husband without Plaintiff's authorization. (*Id.*) The Complaint also accuses another employee of likewise impermissibly accessing Plaintiff's electronic medical record in violation of the aforementioned privacy rules. (*Id.*) The letter finally notes that OCR, which enforces the Privacy and Security Rules, would pursue action with respect to Plaintiff's Complaint. (*Id.*)

The Government, on the other hand, submits that after the HHS conducted a search of its Claims Branch database, they found no record of an administrative tort claim filed by Plaintiff or an authorized representative. (Def. Mot. 9.) In support, Defendants submit the Declaration of Meredith Torres, a Senior Attorney in the General Law Division of HHS' Office of the General Counsel. (Declaration of Meredith Torres ("Torres Decl.") ¶ 1, ECF No. 15.) Torres states that she is familiar with the official records of administrative tort claims maintained by HHS as well as the system which maintains those records and that any record of an administrative tort claim filed with HHS concerning GHVFHC or its employees would be maintained in HHS' database.

5

(*Id.* ¶¶ 1–3.) Torres further notes that she "caused a search of the Claims Branch's database" and "found no record of an administrative tort claim filed by Plaintiff." (*Id.* ¶ 4.)

The Court lacks subject matter jurisdiction to entertain this action because Plaintiff has not filed an administrative tort claim. The presentment requirement is a practical one. "The Supreme Court has explained that the purpose of the FTCA's presentment requirement is to reduce the burden on the judicial system by giving agencies an initial opportunity to resolve claims before they reach the courts." *Young v. United States*, No. 12–CV–2342 (ARR)(SG), 2014 WL 1153911, at *7 (E.D.N.Y. March 20, 2014) (citing *McNeil v. United States*, 508 U.S. 106, 111–12 (1993)). That purpose was not met here because the documents provided by the parties for this Court's consideration suggest that Plaintiff failed to file an administrative tort claim, as required by statute. *See Quinoy*, 2014 WL 1998239, at *6 ("Before initiating an FTCA action in federal district court, a claimant must file an administrative tort claim with the appropriate federal agency within two years of the date of the claim's accrual") (citations omitted).

OCR's response letter to Plaintiff's Complaint indicates that Plaintiff filed some sort of Complaint with HHS' Office for Civil Rights. (*See* OCR Response 1.) That Complaint alleged violations of certain rules and regulations: the Federal Standards for Privacy of Individually Identifiable Health Information and the Security Standards for the Protection of Electronic Protected Health Information. (*Id.*) Although there is no formal pleading requirement for the filing of an administrative tort claim, the filing of a Complaint with the Office for Civil Rights for violations of privacy regulations is not tantamount to filing an administrative tort claim with HHS. Although the actions complained of stem from the same event, as is evident from the Torres Declaration (Torres Decl. ¶ 4), it does not appear that Plaintiff filed an administrative tort

complaint or filed any complaint sounding in tort with the appropriate agency. *See Lee*, 570 F. App'x at 27 ("Prior to filing an FTCA action, a plaintiff must exhaust administrative remedies, which include presenting the claim to the appropriate federal agency"). Therefore, this action must be dismissed, without prejudice, for want of subject matter jurisdiction. *Charles v. Potter*, No. 07 Civ. 10572(SHS), 2008 WL 4499130, at *3 (S.D.N.Y. Oct. 7, 2008).[2]

---

[2] Even assuming that the complaint filed with OCR constitutes an administrative tort complaint, it does not appear from the OCR response letter that Plaintiff fulfilled the condition of providing a claim for money damages in a sum certain. *Rainwater v. United States*, No. 08 Civ. 5115(PKC), 2010 WL 5248585, at *4 (S.D.N.Y. Dec. 15, 2010) (noting that an administrative claim under the FTCA must include "'a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident'") (quoting 28 C.F.R. § 14.2(a)). Furthermore, it bears noting that Plaintiff does not indicate if and when they received a final decision on their administrative complaint to OCR as required by the FTCA. *See Fernandini v. United States*, 2017 WL 3208587, at *4 (S.D.N.Y. July 26, 2017) (noting that an FTCA claim "must be brought within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented") (citations and internal quotations omitted); *Liriano v. ICE/DHS*, 827 F. Supp. 2d 264, 269 (S.D.N.Y. 2011) ("A plaintiff may not bring suit under the FTCA unless the plaintiff first brought a claim to the appropriate Federal agency and that agency either made a final denial of the claim or failed to make a disposition on the claim within six months after it was filed"). The OCR response letter merely states that OCR would pursue action in the complaint against GHVFHC.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is GRANTED without prejudice for failure to exhaust her administrative remedies. The Clerk of Court is respectfully directed to modify the case caption by adding the Defendant "United States" and terminating Defendants the Greater Hudson Valley Family Health Center, Inc., Margaret Calero, and Jody Buckle. The Clerk of Court is further directed to terminate the Motion at ECF No. 12 and close this case.

Dated: June 12, 2018
White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge